UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:23-cv-279

**MEAGAN MCGINN,**

    **Plaintiff,**

vs.

**BRINKMANN INSTRUMENTS, INC.
d/b/a METROHM[1] USA, INC.,**

    **Defendant.**
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant, Brinkman Instruments, Inc. d/b/a Metrohm USA Inc. ("Defendant"), by and through undersigned counsel, hereby gives notice of removal of the case styled *Meagan McGinn v. Brinkman Instruments, Inc. d/b/a Metrohm USA Inc., Case No. 22-CA-010132,* currently pending in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida (the "State Court Action"), to the United States District Court for the Middle District of Florida, Tampa Division. As grounds, Defendant states as follows:

---

[1] Plaintiff mistakenly identifies Defendant as Metrohn USA, Inc.

68308812;1

1. On or about December 8, 2022, Plaintiff, Meagan McGinn ("Plaintiff") initiated the State Court Action by filing her Amended Complaint. Defendant was served with Plaintiff's Amended Complaint on January 20, 2023.

2. Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days after receipt of a copy of Plaintiff's initial pleadings. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, motions, and orders then on file in the State Court Action are attached as **Exhibit A**.

3. Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Middle District of Florida, Tampa Division is the district and division within which the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, is located.

4. Plaintiff's Amended Complaint asserts five claims for relief against Defendant, including one claim brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), one claim brought under the Americans with Disabilities Act of 1990, as amended ("ADA"), and one claim brought under the Family and Medical Leave Act ("FMLA"). By asserting claims under federal law, Plaintiff's Complaint asserts a federal question pursuant to 28 U.S.C. § 1331 and this case is properly removable under 28 U.S.C. § 1441(a).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims for sex (pregnancy) and handicap discrimination. Pursuant to 28 U.S.C. §

1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

6. Here, Plaintiff's state law claims for sex (pregnancy) and handicap discrimination under the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 *et seq.*, relate closely to her Title VII claim for pregnancy discrimination, her ADA claim for disability discrimination, and her FMLA interference claim. Indeed, all five claims all arise out of a common nucleus of operative facts: each of Plaintiff's federal law claims rely on, and expressly incorporate, the same thirty-eight (38) general allegations as her state law claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or

other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

7. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

8. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, as provided by law.

9. By removing this matter, Defendant does not waive or intend to waive any defense.

WHEREFORE, Defendant, Brinkman Instruments, Inc. d/b/a Metrohm USA Inc., respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove the State Court Action to the United States District Court for the Middle District of Florida.

Dated: February 9, 2023.            Respectfully submitted,

*/s/ Phillip J. Harris*
**PHILLIP J. HARRIS, ESQ.**
Florida Bar Number:   44107
Primary: phillip.harris@akerman.com
Secondary: nicole.emmett@akerman.com
**EMILY C. AYVAZIAN, ESQ.**
Florida Bar Number:   1005563
Primary: emily.ayvazian@akerman.com
Secondary: ava.hill@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, FL  33602

                Telephone:  813-223-7333
                Facsimile:  813-223-2837
                *Attorneys for the Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 9, 2023, a true and correct copy of the foregoing has been electronically filed through the Florida E-Filing Portal with copies being furnished by E-mail to:

**Jacob K. Auerbach, Esq.**
Florida Bar Number: 84003
**Debra Auerbach, Esq.**
Florida Bar Number: 84618
**GALLUP AUERBACH**
4000 Hollywood Boulevard
Presidential Circuit – Suite 265 South
Hollywood, FL 33021
Telephone: (954) 894-3035
Facsimile: (754) 223-2837
Email: jauerbach@gallup-law.com
*Attorneys for Plaintiff*

                */s/ Phillip J. Harris*
                **PHILLIP J. HARRIS, ESQ.**
                Florida Bar Number:  44107